[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2006
THOMAS K. KAHN
CLERK

No. 06-10346
Non-Argument Calendar

_____

D.C. Docket No. 04-23012-CV-CMA

SANDRA SNOWDEN,

Plaintiff-Appellant,

versus

TOWN OF BAY HARBOR ISLANDS,  a municipal corporation,
ISAAC SALVER,
GREG TINDLE, Town Manager of Bay Harbor Islands, in his
personal and official capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2006)

Before CARNES, PRYOR, and COX, Circuit Judges.

PER CURIAM:

This appeal arises out of a district court's interpretation of a consent decree that was entered to memorialize a settlement between the parties in the underlying action for declaratory and injunctive relief under 42 U.S.C. § 1983. In response to a decision by the Town of Bay Harbor Islands, Florida (the "Town") to allow a local synagogue to place a lighted menorah on Town property during the holiday season, but to deny Sandra Snowden ("Snowden") the right to place a nativity scene in the same location at the same time, Snowden filed for declaratory and injunctive relief to prevent infringement of her First Amendment rights.

The Town and Snowden reached a settlement of their dispute, and the district court memorialized this settlement in a consent decree requiring the Town to allow Snowden to erect or sponsor displays on the piece of property for the next ten holiday seasons and to allow any other resident to erect or sponsor a display during the holidays. The decree also affirmed the Town's right to place reasonable time, place, and manner restrictions on these expressions. The Town drafted and passed Resolution 988, which purported to outline the restrictions.

Among these restrictions were a size limitation, a time restriction limiting the displays to the holiday season, and a restriction on the number of displays each person could sponsor or erect each season, limiting that number to one. Resolution

988 also contained a prohibition on ceremonies and other activities involving the physical presence of people on the property after the erection of the display.

After the passage of the resolution, Snowden applied to erect or sponsor three separate displays: a nativity scene, a salute to the troops, and a salute to women. Snowden also indicated in her application that she would arrange religious ceremonies on the site of the nativity scene. The Town denied her application on the grounds that her displays were too large and too numerous, in conflict with the resolution. The Town also stated that Snowden was prohibited from arranging any ceremonies on the display site. Shortly thereafter, Snowden communicated to the Town that she would go ahead with her proposed displays and the ceremonies despite the Town's rejection of her application.

The Town filed an emergency motion to enforce the consent decree, and Snowden filed a cross-motion seeking the same relief. After a hearing, the district court ruled that the restrictions on the size of each display and the number of displays per person were reasonable time, place, or manner restrictions, in conformance with the decree. The court declined to exercise jurisdiction over the question of whether the prohibition on ceremonies was a reasonable time, place, or manner restriction because the consent decree does not mention ceremonies.

Having considered the briefs, and relevant parts of the record, we find no reversible error in the district court's order on the subject motions.

**AFFIRMED.**